NOT FOR PUBLICATION (Doc. No. 17)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CAMICO MUTUAL INSURANCE CO., | : |
| Plaintiff, | : Civil No. 14-3160 (RBK/JS) |
| v. | : |
| BARATZ & ASSOCIATES, et al., | : **OPINION** |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter arises from Plaintiff CAMICO Mutual Insurance Company's ("CAMICO" or "Plaintiff") action to obtain a declaration that it has no duty to defend and indemnify Defendants Brian Baratz ("Baratz") and Baratz & Associates ("B&A") (collectively "Defendants") in relation to the complaint filed by Defendant Charles Procini ("Procini") against Defendants (the "Underlying Action"), under an Accounts Professional Liability Policy (the "Policy") issued by CAMICO to B&A. Before the Court is Plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. No. 17.) For the reasons set forth below, Plaintiff's motion will be denied.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 10, 2014, Procini filed a complaint ("Procini Complaint") in the Superior Court of New Jersey, alleging that Defendants were negligent in their role as financial advisor to Procini and his dental practice's 401(k) profit sharing plan ("the Plan"). (Pl.'s Statement of

1

Undisputed Material Facts ("SMF") ¶¶ 6-7.)  The Procini Complaint alleges that Defendants, while providing third party administrator, accounting, and financial advisory services to the Plan and to Procini, advised Procini to invest $250,000 individually in an entity called Pier Funding, LLC.  (Pl.'s SMF ¶ 7.)  Defendants also advised Procini to cause the Plan to loan Pier Funding an additional $250,000 to purchase land for a waterpark, and that this loan would be proper and lawful from both a tax and ERISA standpoint.  (Id.)  Upon this advice, Procini caused the Plan to loan $250,000 to Pier Funding.  (Id.)  This loan allegedly caused Procini to sustain over $500,000 in damages.  (Pl.'s SMF ¶ 8.)

The Policy issued by CAMICO lists B&A as the named insured.  (Pl.'s SMF ¶¶ 9, 15.)  On April 3, 2014, CAMICO issued a reservation of rights letter advising that CAMICO would provide Defendants with a defense to the Underlying Action, but reserved all rights under the CAMICO policy to file a declaratory judgment action seeking a declaration of no coverage.  (Pl.'s SMF ¶ 12.)  The Policy includes Exclusion f(1) (the "Exclusion"), which provides that the Policy does not apply to:

> Any *Claim*, whether or not related to *Professional Services*, made by, in the right of, against, in connection with or arising out of any entity not named in the Declarations in which:
> 1. any *Person* who is an *Insured* (or an *Affiliate* or *Related Individual* of that *Person*) is or was at any time managing, controlling or operating the entity.

(Pl.'s SMF ¶ 21.)

The parties argue over whether the Exclusion applies.  CAMICO contends that the Exclusion applies because the claims in the Underlying Action were made (1) "in connection with" Pier Funding, (2) while Baratz was "managing, controlling or operating" Pier Funding.  (Pl.'s Br. 7-13.)  Defendants argue that CAMICO has not met its burden of showing that the Underlying Action was "in connection" with Pier Funding, and that there is an issue of material

2

fact as to whether Baratz was "managing, controlling or operating" Pier Funding. (Def.'s Br. 8-19.)[1]

With regard to Baratz's alleged management of Pier Funding, the following facts are not in dispute:

- A Pier Funding Confidential Disclosure Memorandum lists Andrew E. Weiner ("Weiner") and Baratz as "the managers of the LLC" (Pl.'s SMF ¶ 28);
- An SEC filing for Pier Funding identifies Baratz as a "General and/or Managing Partner," and the listed address and telephone number for Pier Funding on the filing is the same as the address and telephone number for B&A (Pl.'s SMF ¶¶ 41-45);
- Baratz is identified as a "Managing Member" on Pier Funding corporate annual reports for the years 2006-2013 (Pl.'s SMF ¶¶ 47-48, 50-51, 53-54, 56, 58);
- Baratz executed a Pier Funding certificate granting a unit of interest to Procini which states that the certificate is signed by its "duly authorized Member(s)/Manager(s)" (Pl.'s SMF ¶¶ 62-63);
- Baratz executed a mortgage modification agreement on behalf of Pier Funding (Pl.'s SMF ¶¶ 68-69);
- Baratz signed checks paying taxes on the real property held by Pier Funding (Pl.'s SMF ¶¶ 72-73);
- Baratz authorized Pier Funding to use his name on its voluntary petition for bankruptcy (Def.'s Resp. to Pl.'s SMF ¶¶ 74-77); and
- Baratz appeared before the Trustee in bankruptcy for a 341 hearing in July 2014 and confirmed that he was a managing member of Pier Funding and was authorized to cause Pier Funding to file for bankruptcy (Pl.'s SMF ¶¶ 78-82).

Nonetheless, in their Supplemental Statement of Material Facts, Defendants state that, as its accounting firm, B&A performed a variety of services for Pier Funding that B&A regularly performed for its accounting clients, such as: filing Pier Funding's annual corporate reports; serving as Pier Funding's registered agent; and serving as Pier Funding's point of contact. (Def.'s SMF ¶ 8.) Moreover, although both Baratz and Weiner were given the title of "member manager" at the outset, according to the declarations of Weiner and Baratz, Weiner was the one who actually filled that role, and not Baratz. (Def.'s SMF ¶ 14.) Baratz only fulfilled manager-

---

[1] Defendants do not dispute that the other criteria set forth in Exclusion f(1) is applicable to Defendants.

like tasks when Weiner was unavailable.  (Def.'s SMF ¶ 15.)  Such tasks included Baratz authorizing Pier Funding to use his name on its petition for bankruptcy, and signing the mortgage modification agreement, Procini's unit certificate, and two checks.  (Def.'s SMF ¶¶16, 18.)

## II.   LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Furthermore, "[w]hen opposing

4

summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 247 F. App'x. 353, 354 (3d Cir. Sept. 17, 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the fact finder, not the district court. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III.  DISCUSSION

The terms "managing, controlling [and] operating" are not defined in the Policy. Where an insurance policy does not define terms in the policy, the court should construe any ambiguity against the insurer and in favor of the insured. Property Cas. Co. of MCA v. Conway, 147 N.J. 322, 326-27 (1997). However, courts should not engage in a strained construction of terms in order to impose liability, finding ambiguity where none exists. Longobardi v. Chubb Ins. Co. of New Jersey, 121 N.J. 530, 537 (1990). When interpreting policy terms that are not ascribed any special meaning by the policy itself, courts can look to the plain meaning of a term, such as the definition found in a dictionary. Conway, 147 N.J. at 327.

Merriam-Webster's Online Dictionary defines "manage" as "to have control of (something, such as a business, department, sports team, etc.)" or "to take care of and make decisions about (someone's time, money, etc.)." See Merriam-Webster's Online Dictionary, http://www.merriam-webster.com/dictionary/manage. "Control" is defined as "to direct the behavior of (a person or animal); to cause (a person or animal to do what you want." Id. at http://www.merriam-webster.com/dictionary/control. "Operate" is defined as "to function or

5

behave in a particular way; to use and control (something);" or "to have control of (something, such as a business, department, program, etc.)." Id. at http://www.merriam-webster.com/dictionary/operate.

To show that the Exception is applicable here, CAMICO points not just to Baratz's title as Manager, but also to several actions by Baratz that it claims reveals that Baratz managed, controlled, or operated Pier Funding. See Section I, supra. In response, Defendants contend that filing Pier Funding's annual corporate reports, serving as its agent, and serving as its point of contact are merely the actions of an accountant in the ordinary course of an accounting relationship. Baratz Decl. ¶ 5. Defendants also offer the declaration of Weiner, who states that the managing of Pier Funding "was provided by me and the staff (bookkeepers, etc.) of my Wildwood enterprises. Although both Baratz and I had been given the title of "member manager" at the outset of Pier Funding, I was the one who actually filled that role, not Baratz." Weiner Decl. ¶ 5. Furthermore, Baratz "was drafted to sign a check or fulfill some other such task," such as appearing at the bankruptcy hearing, or "signing various documents," only when Weiner was unavailable. Weiner Decl. ¶ 6. While the Court cannot accept the legal conclusion that Baratz "did not manage, control, or operate Pier Funding," Weiner Decl. ¶ 5; Baratz Decl. ¶ 3, the Court finds that the other statements discussed in the Weiner and Baratz Declarations just barely constitute enough evidence to create a genuine issue of material fact as to whether Baratz managed, controlled, or operated Pier Funding according to the ordinary interpretation of the terms. See Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (internal citations omitted). Although a majority of evidentiary facts that CAMICO introduces regarding the

6

actions that Baratz undertook in relation to Pier Funding are not in dispute, the conclusions to be drawn from those facts are disputed such that summary judgment is inappropriate.  See id.[2, 3]

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff's motion for summary judgment is denied.  An appropriate order shall issue.


Dated: 1/20/2015                                                                                   s/ Robert B. Kugler
                                                                                                              ROBERT B. KUGLER
                                                                                                              United States District Judge

---

[2] As the insurer, CAMICO bears the burden at trial of proving that all elements of the Exception are met.  See Hartford Accident & Indem. Col. v. Aetna Life & Cas. Ins. Co., 98 N.J. 18, 26 (1984).  Having concluded that summary judgment is inappropriate because a genuine issue of material fact exists as to whether Baratz managed, controlled, or operated Pier Funding, the Court need not address whether the Underlying Action arose "in connection" with Pier Funding.

[3] Defendants also argue that summary judgment is premature because it was filed before essential discovery could be taken. Def.'s Br. 19-21.  Pursuant to Fed. R. Civ. P. 56(d), Defendants have submitted a declaration stating what additional information they would seek, why this information is needed, and the reason it has not already been acquired.  See Pastore v. Bell Tel. Co., 24 F.3d 508, 511 (3d Cir. 1994) (The affidavit must identify "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.") (quoting Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988)).  In particular, Defendants claim that they need to depose Procini to determine whether the malpractice claim was "in connection with" Pier Funding.  Stone Decl. ¶ 2a.  They also claim that they would obtain documents from Pier Funding, and depose some of its members and employees to determine who was in fact managing, controlling, or operating the entity.  Stone Decl. ¶ 2b.  Defendants have already obtained the declaration of Andrew Weiner, who they claim is the manager of Pier Funding.  Def.'s Br. 15.  The Court does not see why, if Defendants had access to Weiner, they have not yet deposed him; nor does the Court see why Weiner did not provide additional evidentiary facts in his declaration as to the management and control of Pier Funding that Defendants claim they need to determine who managed the entity.  Regardless, the Court need not grant the Rule 56(d) motion because it has determined, supra, that Defendants have just barely managed to present facts essential to justify their position and defeat summary judgment.

7